## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY HAMMOND MURPHY, on behalf
of himself and all others similarly situated,

                Plaintiff,

     v.

LE SPORTSAC, INC.,

                Defendant.

Civil Action No. 1:22-cv-00058

## PLAINTIFF'S UNOPPOSED MOTION
## TO CERTIFY CLASS FOR SETTLEMENT PURPOSES AND
## FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff Anthony Hammond Murphy, on behalf of himself and all others similarly situated, hereby moves pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order conditionally certifying a class for settlement purposes, preliminarily approving the settlement, approving the proposed notice and notice plan, and setting aside dates for the submission of objections to the settlement and a fairness hearing. **Defendant Le Sportsac, Inc. does not oppose the relief sought in this motion**. In further support of this motion, Plaintiff states as follows:

1.      In January 2022, Plaintiff attempted to access Defendant's online store, located at https://www.lesportsac.com/. (Doc. 1, ¶¶ 23-24, 36.)

2.      Plaintiff could not access Defendant's online store because it was not compatible with screen reader auxiliary aids, which Plaintiff uses to access digital content because he is blind.[1] (Doc. 1, ¶¶ 19, 35, 40-41.)

---

[1] Plaintiff uses the word "blind" to describe people who, as a result of a visual impairment, have substantially limited eyesight. This includes people who have no vision at all as well as those who have low vision. *See* James H. Omvig, *Why Use the Word "Blind"?*, Braille Monitor (Jan. 2009), https://nfb.org//sites/default/files/images/nfb/publications/bm/bm09/bm0901/bm090107.htm.

3.      In February 2022, Plaintiff filed a complaint seeking declaratory and injunctive relief, alleging that Defendant does not have, and has never had, adequate policies and practices to cause its online store to be accessible to blind persons, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq*., and its implementing regulations. (Doc. 1.)

4.      In June 2022, the parties notified the Court that they had agreed to settle this case on a class action basis, (Doc. 19), and in September 2022, Plaintiff filed an amended class action complaint, (Docs. 25, 26, 27).

5.      After months of good faith negotiations, the parties reached a settlement and executed a proposed class action settlement agreement on or about November 20, 2022.[2]

6.      The agreement resolves this action and defines the settlement class as "all Blind or Visually Disabled individuals who use screen reader auxiliary aids to navigate digital content and who have accessed, attempted to access, or been deterred from attempting to access, or who will access, attempt to access, or be deterred from attempting to access [https://www.lesportsac.com/] from the United States."

7.      Under the terms of the agreement,[3] Defendant shall ensure that blind or visually disabled individuals have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through https://www.lesportsac.com/, and any website which Defendant develops, starts to operate, or acquires and which is publicly available in the United States.

---

[2] The proposed agreement is attached to this motion as Exhibit 1.

[3] The terms of the agreement are explained more fully in the accompanying memorandum.

8.      The proposed agreement, notice,[4] and notice plan[5] are comparable to or more robust than class action settlements resolving nearly identical claims that courts in this district finally approved in *Murphy v. Eyebobs, LLC*, No. 1:21-cv-00017, Doc. 49 (W.D. Pa. Feb. 9, 2022), *Murphy v. Charles Tyrwhitt, Inc.*, No. 1:20-cv-00056, Doc. 47 (W.D. Pa. Feb. 16, 2022), and *Murphy v. The Hundreds Is Huge, Inc.*, No. 1:21-cv-00204, Doc. 41 (W.D. Pa. Nov. 17, 2022), and preliminarily approved in *Douglass v. Optavia LLC*, No. 2:22-cv-00594, Doc. 18 (W.D. Pa. Sept. 14, 2022), and that the District of Massachusetts finally approved in *Giannaros v. Poly-Wood, LLC*, No. 1:21-cv-10351, Doc. 45 (D. Mass. Oct. 27, 2022).

9.      Given the substantial relief obtained and the inherent risks of continued litigation, the settlement is fair, reasonable, and adequate. The proposed agreement is on par with, or exceeds, the relief achieved in analogous cases brought by the National Federation of the Blind and the Civil Rights Division of the U.S. Department of Justice, and in the five cases cited in the preceding paragraph. It was reached after many months of good faith negotiations at arm's length.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)     Certify the class for settlement purposes, appoint Plaintiff as class representative, and appoint Plaintiff's counsel as class counsel;[6]

(B)     Preliminarily approve the settlement as set forth in the proposed agreement; and

(C)     Approve the notice and notice plan, including, among other dates, by setting:

(1)     A date thirty (30) days after the Court grants preliminary approval as the deadline to publish notice of the settlement ("Notice Deadline");

---

[4] The proposed long-form notice is attached to the proposed agreement as Exhibit 1.

[5] The proposed notice plan is attached to this motion as Exhibit 2.

[6] Plaintiff's counsel's resumes are attached to this motion as Exhibit 3.

(2)     A date seventy-five (75) days after the Court grants preliminary approval as the deadline for Plaintiff to move for final approval and for reasonable attorneys' fees and costs;

(3)     A date ninety (90) days after the Court grants preliminary approval as the deadline for the submission of any objections to the settlement; and

(4)     A date one hundred twenty (120) days after the Court grants preliminary approval for a final approval hearing, or as soon thereafter as the Court may set the hearing.

Respectfully submitted,

Dated: December 5, 2022

*/s/ Kevin W. Tucker*

Kevin W. Tucker (He/Him) (PA 312144)
Kevin J. Abramowicz (He/Him) (PA 320659)
Chandler Steiger (She/Her) (PA 328891)
Stephanie Moore (She/Her) (PA 329447)
**EAST END TRIAL GROUP LLC**
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel. (412) 877-5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

Lawrence H. Fisher (PA 67667)
**LAWFIRST**
One Oxford Centre
301 Grant Street, Suite 270
Pittsburgh, PA 15219
Tel. (412) 577-4040
lawfirst@lawrencefisher.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 5, 2022, a true and correct copy of the foregoing document was filed and served by way of the Court's CM/ECF system on all counsel of record.


Dated: December 5, 2022                    */s/ Kevin W. Tucker*

                                           Kevin W. Tucker