IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HAMOND MURPHY, *on behalf of himself and all others similarly situated* <br><br> Plaintiff <br><br> vs. <br><br> LE SPORTSAC, INC., <br><br> Defendant | Case No. 1:22-cv-00058 (Erie) <br><br><br> RICHARD A. LANZILLO <br> CHIEF UNITED STATES <br> MAGISTRATE JUDGE <br><br> ORDER ON PLAINTIFFS' MOTION TO CERTIFY CLASS FOR SETTLEMENT PURPOSES AND TO APPROVE PROPOSED CLASS ACTION SETTLEMENT <br><br> ECF NO. 36 |

For the reasons explained in the Court's Memorandum Opinion filed contemporaneously in this matter, **IT IS HEREBY ORDERED** that the Plaintiff Anthony Hammond Murphy's unopposed Motion to Certify Class for Settlement Purposes and for Preliminary Approval of Class Action Settlement pursuant to Fed. R. Civ. P. Rule 23(e), ECF No. [20], be, and hereby is, **GRANTED**. To that end:

IT IS ORDERED:

1. This order incorporates by reference the definitions in the Agreement, and all terms defined therein shall have the same meaning in this order as set forth in the Agreement.

2. Plaintiff's Motion is GRANTED. It appears to this Court on a preliminary basis

1

that the Agreement satisfies the elements of Fed. R. Civ. P. 23 and is fair, adequate, and reasonable.

3. The proposed Settlement Class is hereby preliminarily certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2) for purposes of settlement. The Settlement Class is defined as:

> [A] national class including all Blind or Visually Disabled individuals who use screen reader auxiliary aids to navigate digital content and who have accessed, attempted to access, or been deterred from attempting to access, or who will access, attempt to access, or be deterred from attempting to access, the Website from the United States.

4. The Court finds that Plaintiff Anthony Hammond Murphy will fairly and adequately protect the interests of the Settlement Class. As a result, the Court appoints and designates Mr. Murphy as representative of the Settlement Class.

5. The Court finds that attorneys Kevin Tucker, Kevin Abramowicz, Chandler Steiger, and Stephanie Moore of East End Trial Group LLC, and Lawrence Fisher of LawFirst, are experienced and competent counsel who will continue to fairly and adequately protect the interests of the Settlement Class. As a result, the Court appoints and designates attorneys Tucker, Abramowicz, Steiger, Moore, and Fisher as Class Counsel for the Settlement Class.

6. The Court finds that the Long-Form Notice attached to the Agreement as Agreement Exhibit 1 and the notice plan attached to the pending motion as Exhibit 3 meet due process requirements, the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, and ensure notice is well calculated

to reach representative class members. The notice and notice plan are hereby approved.

7. As soon as practicable, but no later than thirty (30) days after the Court's entry of a Preliminary Approval order, Defendant shall, at its expense:

(a) Add dates to the placeholders in the Long-Form Notice accompanying the Agreement as Agreement Exhibit 1.

(b) Ensure the Settlement Website is live and may be accessed over the internet. Defendant and Class Counsel shall ensure that the documents published on the Settlement Website are fully and equally accessible to Settlement Class Members via the Settlement Website, or otherwise. Defendant shall further ensure that the Settlement Website tracks the number of visitors to the Website; and that the Settlement Website remains published for at least 180 days after the date the Court grants final approval of the Agreement.

(c) Cause the Long-Form Notice to be published on, and make the following documents filed in the Lawsuit available for download on, the Settlement Website: the class action complaint, motion for preliminary approval of class action settlement and all supporting documents, and the Court's orders concerning preliminary approval as well as any supporting memorandum. Defendant and Class Counsel shall ensure the documents

identified in this Section shall be fully accessible by individuals who use screen reader auxiliary aids.

(d) Add an invisible link at the beginning of the Website to direct consumers using screen readers to the Settlement Website. The link shall include alternative text which reads "Click to view our ADA class action settlement notice." Defendant will ensure this link remains published for at least 180 days after the date the Court grants final approval of the Agreement.

(e) Publish posts concerning the Settlement Website on each of Defendant's social media accounts, including, where applicable, https://www.facebook.com/lesportsac; https://www.instagram.com/lesportsac; and https://twitter.com/lesportsac. The post shall be in the form set forth immediately below (it is agreed and understood that the exact language is subject to change) and shall include alternative text to ensure the post is fully accessible by individuals who use screen reader auxiliary aids. Defendant will maintain the posts on its social media accounts during the Agreement Term.

> Visit https://www.lesportsacADAsettlement.com to learn more about Le Sportsac's agreement to make its digital content accessible to screen reader users.

(f) Publish a blog post on the Website in the form set forth immediately below (it is agreed and understood that the exact language is subject to change). Defendant shall ensure the post is fully accessible by individuals

who use screen reader auxiliary aids. Defendant will maintain the blog post on its Website during the Agreement Term.

>A proposed settlement has been reached that would resolve the class action lawsuit filed in the United States District Court for the Western District of Pennsylvania at Anthony Hammond Murphy v. Le Sportsac, Inc., Civil Action No. 1:22-cv-58. The lawsuit alleges Le Sportsac, Inc. violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., by failing to take the necessary steps to ensure its website does not discriminate against blind or visually disabled consumers who use screen reader auxiliary aids to access digital content. Under the settlement, Le Sportsac, Inc., agrees to make its website, and any new website it develops or acquires accessible to screen reader users. For a more complete summary of the terms of the proposed settlement, please visit https://www.lesportsacADAsettlement.com.

8. As soon as practicable, but no later than seven (7) days after they are filed, Defendant shall make any motion for attorneys' fees and costs, and supporting documentation, as well as any order granting or denying any motion for attorneys' fees and costs, available for download on the Settlement Website. Defendant shall ensure the documents identified in this Section shall be fully accessible by individuals who use screen reader auxiliary aids.

9. As soon as practicable, but no later than thirty-five (35) days after the Court's entry of a Preliminary Approval order, Class Counsel shall, at its expense, request that at least the following organizations publish notice in their respective electronic newsletters and social media accounts such that the notice is sent out within sixty (60) days of Preliminary Approval: (1) ACHIEVA, (2) American Action Fund for Blind Children and Adults, (3) American Council of the Blind, (4) American Foundation for the Blind, (5) Blinded American Veterans Foundation, (6) Blinded Veterans Association, (7) Foundation Fighting Blindness,

(8) Civil Rights Education and Enforcement Center, (9) Disability Law Center, (10) Disability Rights Education and Defense Fund, and (11) National Federation of the Blind.

10. No less than five (5) days before the final approval hearing, Defendant shall provide Class Counsel with a declaration that all of the obligations in Paragraphs 7 and 8, supra, have been discharged, along with the number of visitors to the Settlement Website.

11. Within seventy-five (75) days of this order, Plaintiff shall move for final approval and for reasonable attorneys' fees and costs.

12. Within sixty (60) days of this order, Defendant or Defendant's counsel shall file a declaration evidencing Defendant's compliance with this order.

13. Within sixty (60) days of this order, Class Counsel shall file a declaration evidencing its compliance with this order.

14. Within ninety (90) days of this order, any Settlement Class Member may object to the Agreement by filing written objections with the Clerk of the Court ("Objection Deadline"). Only such objecting Settlement Class Members shall have the right, and only if they expressly seek it in their objection, to present objections orally at the final approval hearing.

15. Within ninety-five (95) days of this order, which is five (5) days after the Objection Deadline, the parties shall respond to any timely-filed objections.

16. A final approval hearing shall be held before this Court on May 16, 2023, beginning at 10:30 AM in the United States District Court for the Western District of Pennsylvania, Erie Division, located at 17 South Park Row, Erie, PA 16501, to

determine whether the Agreement shall be granted final approval, and to address any related matters.

17. The final approval hearing may, from time to time and without further notice to the Settlement Class Members (except those who have filed timely objections or entered appearances), be continued or adjourned by order of the Court.

18. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Agreement which are not materially inconsistent with either this order or the terms of the Agreement.

ENTERED AND ORDERED THIS 24th DAY OF JANUARY, 2023.

By the Court,

_____
Richard A. Lanzillo
Chief United States Magistrate Judge